IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PATRICK M. NICKERSON,**

    Plaintiff,

vs.                                                                                        **No. Civ. 07-211 MV/WDS**

**UNITED STATES OF AMERICA**,

    Defendant.

## ORDER IMPOSING SANCTIONS

THIS MATTER comes before the Court *sua sponte*. Judge Judith Herrera previously presided over this case but recused herself when Plaintiff Patrick Nickerson made abusive, derogatory, and frivolous claims of judicial misconduct after Judge Herrera determined that this Court does not have subject-matter jurisdiction to grant the relief Nickerson demanded. In the course of these proceedings, Nickerson sent an e-mail about Judge Herrera to her chambers' e-mail account, stating:

> Seems to me [Judge Herrera] does not like me seeing her for who she is. Mexicans can't stand Mexican Americans and the reverse is also true. Everyone has their own individual prejudices and this is only a problem if you are so much of a dumb ass as to not know what your own are. I expect I need to file an amended complaint and think I might should file a complaint of Judicial Misconduct/Disability. She can hate us all she wants personally but that is to take a walk in regard to black robe type activities.

After the case was reassigned to Judge Vázquez, Nickerson continued sending various, rambling e-mails to chambers. On October 3, 2008, the Court issued an order instructing Nickerson "to cease sending e-mails to the Court's chambers. The chambers' e-mail address is to be used only for submitting proposed orders or jury instructions and not for *ex parte* communication to discuss the case or to express dissatisfaction." Doc. 35.

On June 11, 2009, Nickerson sent yet another lengthy and derogatory e-mail to the Court's chambers complaining about the Courts' rulings, in violation of the October 3, 2008 Order. The rambling, three-page e-mail, in which Nickerson repeats his opinions and philosophy of bastards, whores, marriage, and homosexuality; his opinion that Christianity is invalid; his distaste for adoption; and his continued disagreement with Judge Herrera's rulings and questioning whether she had "bother[ed] to read" the law she cited, was addressed to Judge Herrera and sent to her chamber's e-mail account. Doc. 38, Ex. 5 at 2. In the e-mail, which Nickerson copied to counsel for the United States in this case and to a state official, Nickerson referred to Judge Vázquez as Judge Herrera's "mental case boss;" warned that "things can go south fast if anything gets personal at all" for federal judges; asked, "what are you and that Psychopath boss going to do with hopes of being wise Latina Princesses who wish to become appellate or Supreme Court justices someday;" stated that the two Judges "both became your own worst enemy when you took the law into your own hands and stopped being Judges and attacked a defenseless child;" and threatened to "go[] formal with the US Supreme Court." *Id.* at 3

The Court issued an Order to Show Cause why Nickerson should not be sanctioned for disobeying the Court's Order instructing him to stop sending e-mails to chambers. Nickerson responds that the Court's website provides the chambers' e-mail addresses, which "gives any one on earth the ability to . . . email" the chambers "for any reason." Doc. 38, Ex 3. He also contends that he interpreted the Court's October 3, 2008 Order to mean only that he could not e-mail Judge Vázquez's chamber, thus he had not violated that Order. Doc. 38 at 1. Nickerson next frivolously states that he sent the derogatory e-mail to Judge Herrera "as a courtesy to the Judge in regard to what I will be addressing to the United States Supreme Court." *Id.*

The Court concludes that Nickerson's June 11, 2009 e-mail was sent only to denigrate and harass Judge Herrera and Judge Vázquez; that it was sent in direct violation of the Court's October 3, 2008 Order, and that Nickerson's statement that he did not intentionally violate "his comprehension" of the Order is incredible.  The Order was clear and the Court purposefully used the plural word "chambers" when it instructed Nickerson to cease sending e-mails "for *ex parte* communication to discuss the case or to express dissatisfaction."  Doc. 35.  Further, "[t]he absence of wilfulness does not relieve from civil contempt."  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  This Court "cannot be treated disrespectfully with impunity. . . . It would degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed" by parties who are unhappy with the Court's rulings. *Illinois v. Allen*, 397 U.S. 337, 346-47 (1970).  Nickerson is in contempt of the Court's October 3, 2008 Order, and shall be sanctioned for disobeying the Order and to coerce him to correct his behavior and obey it in the future.

**IT IS ORDERED** that Patrick Nickerson is in contempt of court and shall pay a fine of $300 with a cashier's check or money order made payable to the Clerk of the Court within ten days of the filing of this Order.

**DATED** this 23rd  day of September, 2009.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

3